**In re the Marriage of Arlene Berenson ALLAN, Petitioner, Appellant,**

v.

**Bradford Taylor ALLAN, Respondent.**

No. C0-93-662.

Court of Appeals of Minnesota.

Dec. 21, 1993.

Jill I. Frieders and Julia E. Utz, Rochester, for petitioner, appellant.

John E. Trojack, St. Paul, for respondent.

Considered and decided by KLAPHAKE, P.J., and PETERSON and HARTEN, JJ.

## OPINION

PETERSON, Judge.

Pursuant to the parties' stipulation, their dissolution decree set child support at 30% of respondent Bradford Taylor Allan's net income. In this post-decree proceeding, Arlene Berenson Allan appeals from the district court's order setting child support at a specific dollar amount that does not reflect the percentage formula. Appellant also challenges the district court's determinations on arrearages, discovery, and attorney fees. We affirm in part, reverse in part and remand.

## FACTS

The parties were married in 1978 and had two children. The marriage was dissolved in 1987. At the time, respondent's net income was $5,034 per month, and appellant was unemployed.

The dissolution decree, which incorporated the parties' stipulation, awarded appellant temporary maintenance and set child support at $1,500 per month while appellant received maintenance. The decree also provided for an automatic percentage increase in respondent's support obligation corresponding to any increases in respondent's gross base salary. The decree specified that, after the period of maintenance ended, "child support shall be thirty percent (30%) of [respondent's] net income per year not to go below One Thousand Five Hundred Dollars ($1,500) per month."

In May 1991, respondent moved for an order setting child support at a specific dollar amount. He argued that the stipulated provision was ambiguous and contrary to law. The district court denied respondent's motion, and this court affirmed. *Allan v. Allan,* No. CX–91–2446, unpub. op. at 9, 1992 WL 145369 (Minn.App. June 30, 1992), *pet. for rev. denied* (Minn. Aug. 27, 1992).

Appellant remarried in 1992. Pursuant to the decree, respondent's child support obligation changed to 30% of his net income. In 1993, appellant moved for an order finding that the dissolution decree required respondent to pay $3016.50 per month (30% of respondent's net income) for child support and awarding her arrearages and attorney fees. In his response, which was served on February 3, 1993, respondent moved for a modification of child support.

The district court found that appellant's gross annual income was currently about $37,000. Although appellant claimed monthly expenses of $6,811.60 for herself and the children, the district court found that their total needs were about $3,333 per month. The court found that respondent's needs for a family with two parents and two children were approximately $6,142 per month and that his net income was $10,055 per month.

The district court ordered that child support be set and capped at $2,500 per month subject only to cost-of-living increases. The court denied appellant's motion for arrearages and attorney fees and ordered both par-

ties to provide the other with documentation supporting their claimed monthly expenses. This appeal followed.

## ISSUES

I. Did the district court err in setting and capping respondent's child support obligation at $2,500 per month?

II. Did the district court err in forgiving arrearages?

III. Did the district court err in requiring the parties to exchange supplemental discovery?

IV. Did the district court err in denying appellant's motion for attorney fees?

## ANALYSIS

### I.

The district court found that if child support was set at 30% of respondent's net income, respondent would pay $3,016.50 per month. Neither party challenges that finding on appeal, and respondent does not claim any ambiguity in the formula for calculating his child support obligation. Because the dissolution decree set child support at 30% of respondent's net income, the district court's decision to set and cap child support at $2,500 per month was a modification of child support.

■ Generally, a child support order may be modified upon a showing of substantially increased or decreased earnings or needs of a party or the children that makes the terms of the existing order unreasonable and unfair. Minn.Stat. § 518.64, subd. 2(a) (1992). The decision to modify a child support order lies in the district court's broad discretion and will be reversed only for a "clearly erroneous conclusion that is against logic and the facts on record." *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984)).

This case differs from the typical child support modification case because the trial court, in effect, modified the formula used to calculate child support rather than modifying only the amount of child support to be paid according to a formula. We decline to create a different modification standard for this situation.

■ The statutory child support guidelines specifically allow child support to be set as a percentage of the obligor's income under certain circumstances. *See* Minn.Stat. § 518.551, subd. 5 (1992) (child support may be set as percentage of obligor's income if obligor receives no base pay or as specific dollar amount plus percentage of bonuses or other forms of periodic compensation). Percentage awards are not excepted from the statutory requirements for a modification of child support. *See* Minn.Stat. § 518.64, subd. 2 (requirements for modification of support award); *see also Novak v. Novak*, 406 N.W.2d 64, 66–68 (Minn.App.1987) (applying modification analysis to modification of child support from specific dollar amount to specific dollar amount plus percentage of bonuses), *pet. for rev. denied* (Minn. July 22, 1987). We hold that a child support obligation may be changed from a percentage formula to a specific dollar amount only upon a showing of a substantial change in circumstances that makes the terms of the existing order unreasonable and unfair.

■ To support a modification of child support, the district court is required to make specific findings on the factors listed in Minn.Stat. § 518.64, subd. 2. *Moylan*, 384 N.W.2d at 864–65. Here, the district court did not make findings on whether there had been a substantial change in circumstances that made the stipulated child support provision unreasonable and unfair. We, therefore, reverse the order setting and capping child support at $2,500 and remand with instructions to expressly apply the analysis for modifying child support under Minn.Stat. § 518.-64, subd. 2(a).

Appellant argues that under this court's previous opinion, respondent's child support obligation could be modified only if his income increased to the point where the amount owed became unconscionable. We disagree. The only issues decided in the earlier appeal were that the stipulated support provision was not ambiguous and that it was permissible for the parties in this case to calculate child support as a percentage of respondent's income. *Allan v. Allan*, No.

CX–91–2446, unpub. op. at 5–7, 1992 WL 145369 (Minn.App. June 30, 1992), *pet. for rev. denied* (Minn. Aug. 27, 1992).

Although this court noted respondent's support obligation might be subject to modification at some future time, the opinion did not set a rule to govern such a modification. *Id.*, unpub. op. at 7. Instead the court simply recognized the district court's authority to modify a stipulated decree under appropriate circumstances. *See id.* (noting possibility of future modification); *see also Moylan*, 384 N.W.2d at 865 (child's welfare takes precedence in support modification proceeding even when case involves stipulation).

■ Appellant contends the district court did not make sufficient findings to support its determination of her expenses and the children's expenses. Although appellant claimed monthly expenses of $6,811.60 for herself and the children, the district court was not required to accept those expenses as reasonable. *See Maeder v. Maeder*, 480 N.W.2d 677, 678, 680 (Minn.App.1992) (affirming district court's finding that respondent's reasonable expenses were less than claimed expenses), *pet. for rev. denied* (Minn. Mar. 19, 1992). Also, having failed to submit evidence to support the claimed expenses, appellant is not now in a position to complain about the lack of detailed findings. *See Taflin v. Taflin*, 366 N.W.2d 315, 319 (Minn.App. 1985) (party who failed to submit evidence to support his claim before district court could not object to district court's findings on appeal).

**II.**

■ A modification of child support may not be made retroactive beyond the date when the party seeking modification served notice of the motion for modification on the responding party. Minn.Stat. § 518.64, subd. 2(c). Because forgiveness of arrearages is a retroactive modification of support, arrearages accruing prior to service of the modification motion may not be forgiven. *Gilbertson v. Graff*, 477 N.W.2d 771, 774 (Minn.App.1991).

■ Appellant brought a motion to enforce the child support provision in the disso-

lution decree. In his response, which was served on February 3, 1993, respondent moved for a modification of child support. The district court erred by forgiving arrearages that accrued before February 3, 1993. Appellant makes no claim that the forgiveness of arrearages accruing after that date was improper.

**III.**

■ The district court ordered both parties to exchange copies of cancelled checks supporting their claimed expenses. Having already determined the parties' reasonable expenses, there was no reason to require additional discovery on the issue. We, therefore, reverse the order requiring additional discovery. On remand, the district court is not required to conduct an evidentiary hearing before applying the proper child support modification analysis, but may do so at its discretion. If the district court chooses to conduct an evidentiary hearing, it may allow additional discovery.

**IV.**

■ In a dissolution case, the district court shall award attorney fees when necessary to enable a party to participate in the proceeding, provided that the other party has the means to pay them. Minn.Stat. § 518.14 (1992). The district court has broad discretion in awarding attorney fees, and its decision will not be overturned absent an abuse of discretion. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977). Appellant did not establish that she is unable to pay her attorney fees and the district court did not abuse its discretion by denying her motion for attorney fees.

Appellant's motion for attorney fees on appeal is denied.

**DECISION**

The district court erred by changing respondent's child support obligation without applying the proper modification analysis. The issue is remanded for express findings on whether there has been a substantial change in circumstances that makes the terms of the existing child support order

unreasonable and unfair. The district court erred by forgiving arrearages that accrued before February 3, 1993. The district court improperly required additional discovery on a matter that had already been determined. The district court properly denied appellant's motion for attorney fees.

**Affirmed in part, reversed in part and remanded.**