In re the Marriage of Lori K. WILLIAMS, n/k/a Lori K. Fischer, Petitioner, Respondent,

v.

Donald J. WILLIAMS, Appellant.

No. C5–01–705.

Court of Appeals of Minnesota.

Nov. 6, 2001.

Patricia A. O'Gorman, Patricia A. O'Gorman, P.A., Cottage Grove, MN, (for respondent).

Daniel M. Fiskum, Olson, Usset & Weingarden, P.L.L.P., Minneapolis, MN, (for appellant).

Considered and decided by HANSON, Presiding Judge, RANDALL, Judge, and FOLEY, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## OPINION

HANSON, Judge.

In this child-support modification proceeding, appellant husband argues that the district court improperly modified child support to include 30% of all future subchapter S corporation (SSC) distributions. Respondent wife argues the district court improperly denied her request to find husband in arrears for failure to pay 30% of past SSC distributions and improperly declined to convert husband's child-support obligation from a percentage of income to a specific dollar amount. We reverse and remand.

## FACTS

The marriage of appellant-husband Donald J. Williams and respondent-wife Lori K. Williams, n/k/a Lori K. Fischer, was dissolved on February 11, 1993. Each party was represented by counsel, and the decree was based on their Marital Termination Agreement. The district court ordered husband to pay child support of "thirty percent (30%) of [his] net weekly income (as defined in Minn.Stat. § 518.551, Subd. 5)." The decree provided that if husband failed or refused to meet his child-support obligations, wife could seek "automatic wage withholding" of a specified dollar amount, without notice or hearing.

After the dissolution, husband continued to work for the same employer but also became a ten-percent shareholder in his employer, which had incorporated and elected subchapter S status for tax purposes. In 1999, husband received $8,070 as a SSC distribution, but he did not notify wife or pay 30% of that distribution to her as child support. Husband also received income-tax refunds for several years, but did not pay 30% of the refunds to wife.

Wife moved to amend the decree to (1) specify that the 30% child-support obligation applied to SSC distributions; (2) determine that husband was in arrears on child support because of his failure to pay 30% of the 1999 SSC distribution and of the tax refunds he had received, and because husband had over-withheld from child support for wife's VISA credit-card debt; and (3) modify child support by converting from a percentage to a specific dollar amount. Husband did not oppose the modification of child support to a specific dollar amount, but disagreed as to the appropriate amount.

The district court found that husband was not in arrears and rejected wife's request to modify child support to a specific dollar amount, determining that wife had failed to establish a substantial change in circumstances. Specifically, the court concluded that the one-time SSC distribution was not a substantial change in circumstances; that there was no allegation that the tax refunds were the result of over-withholding taxes to avoid child support; and that the amounts over-withheld for the VISA debt were not child support. Implicit in the court's ruling was the conclusion that the SSC distribution was not part of husband's "net weekly income," and thus was not subject to the 30% obligation under the terms of the unmodified decree.

Wife moved for amended findings or a new trial. The district court granted the motion in part, modifying child support to require husband to pay 30% of the net amount received on all future SSC distributions from his employer. Husband appealed, arguing that the district court erred in modifying child support without a finding that there had been a substantial change in circumstances. Wife filed a notice of review, arguing that the district court erred in not finding husband in arrears and in not modifying child support

from a percentage to a specified dollar amount.

## ISSUES

1. Did the district court err by modifying child support to require husband to pay 30% of his future SSC distributions?

2. Did the district court err by denying wife's motion for a finding of arrears and for a modification of child support from a percentage to a specific dollar amount?

## ANALYSIS

The district court sought a middle ground by holding that husband was not in arrears for the past SSC distribution but would be obliged to pay child support on any future distributions. But in doing so, the district court necessarily applied inconsistent definitions of "income" under Minn. Stat. § 518.551, subd. 5 (2000), concluding that the SSC distribution was not "income" for purposes of arrears, but was "income" for purposes of future child-support obligations. Because the question of whether SSC distributions should be treated as income is one of fact, we must remand the matter to the district court to determine that question and then to apply that determination consistently, both for purposes of arrears and of future child support. If husband is in arrears, the district court must implement wage withholding under the child-support default provision in the decree, which will require altering child support from a percentage to a specific dollar amount.

Wife's second ground for claiming that husband is in arrears involves his failure to pay child support from income-tax refunds. Because the district court properly determined that there was no allegation (and thus no evidence) that husband had over-withheld for the purpose of avoiding his child-support obligation, we affirm as to that issue.

Finally, wife's alternative ground for modification of child support from a percentage to a specific dollar amount was based on Minn.Stat. § 518.64, subd. 2(b)(4) (2000), which provides a rebuttable presumption that there has been a substantial change in circumstances where child support is in the form of a percentage. Because the district court did not discuss this presumption, we must remand this issue to the district court to consider the effect of the statutory presumption.

## I

Husband argues that the district court erred by using an incorrect definition of "net weekly income" in modifying child support to require that he pay 30% of all *future* SSC distributions. Husband notes that the decree specifically awarded each party the sole right to investments in their name and argues that distributions from those investments, including the SSC distributions from investment in his employer's stock, are not income for child support purposes. Wife argues that the district court erred by using a different definition to conclude that *past* SSC distribution was not considered "net weekly income." She argues that the past SSC distribution was income and, thus husband should be found in arrears.

The district court's decision determining husband's income for purposes of child support should be affirmed so long as it has a reasonable basis in fact. *Strauch v. Strauch*, 401 N.W.2d 444, 448 (Minn. App.1987). For purposes of determining child-support obligations, income is generally defined as

any form of periodic payment to an individual including, but not limited to, wages, salaries, payments to an independent contractor, workers' compensation, unemployment benefits, annuity, mili-

tary and naval retirement, pension and disability payments.

Minn.Stat. § 518.54, subd. 6 (2000). This dissolution decree, however, provides that husband's "net weekly income" is to be defined as in Minn.Stat. § 518.551, subd. 5, which authorizes the district court to

> also order the obligor to pay child support in the form of a percentage share of the obligor's net bonuses, commissions, or *other forms of compensation * * *.*

Minn.Stat. § 518.551, subd. 5(a). The district court concluded that future SSC distributions would be considered "other compensation" for purposes of determining future child support, but did not treat the past SSC distribution as "other compensation" for purposes of determining arrears.

There is no definitive treatment of SSC distributions for child-support purposes in Minnesota caselaw. While recognizing the potential for the employee-shareholder to manipulate SSC income to avoid or reduce child-support obligations, our cases have essentially treated the question as one of fact. *Compare Roth v. Roth*, 406 N.W.2d 77, 79 (Minn.App.1987) (finding error where the district court failed to include profits from SSC in which obligor was sole officer and shareholder), *with Marx v. Marx*, 409 N.W.2d 526, 529 (Minn.App. 1987) (affirming district court's decision to exclude losses from three SSCs in which obligor was involved).

Because the district court made contradictory conclusions regarding the past and future SSC distributions, its decision had no reasonable basis in fact and is reversed and remanded for reconsideration. Ultimately, the district court must determine whether the SSC distribution should be included in husband's "net weekly income," as that term is used in this decree. This requires a determination whether such distributions should be considered other compensation; that is, whether husband's SSC distributions are more akin to added compensation for his contributions of labor or to an investment return on his contribution of capital.

If the district court determines that the SSC distributions are part of husband's "other compensation," it must apply that determination consistently. It must find husband in arrears and consider any future SSC distributions as income in calculating his child-support obligation. The child-support default provisions of the 1993 decree would then require that the district court provide for automatic withholding, which in turn would require it to also modify child support from a percentage to a specific dollar amount. If, however, the district court determines that the SSC distributions are not part of husband's "other compensation," it must apply that determination consistently. It must find that husband is not in arrears and exclude future SSC distributions from income in calculating husband's future child support obligations.

## II

■ Wife also argues that husband is in arrears for failure to pay 30% of his income tax refunds. But wife does not challenge the district court's conclusion that there was no allegation that husband was over-withholding income taxes for the purpose of decreasing his net weekly income and thus reducing his support obligation. Indeed, the record does not provide a factual basis for determining what caused the withheld amounts to be greater than the ultimate tax liability. Under these circumstances, the district court's conclusions will be affirmed.

## III

■ Even if the district court finds that the child-support default provision in the

decree does not apply because the SSC distributions are other compensation, the district court must still consider wife's alternate grounds to modify child support under Minn.Stat. § 518.64, subd. 2(b)(4).

■ Ordinarily, a district court may only modify child support if the moving party shows a substantial change in circumstances rendering the existing support award unreasonable and unfair. *Id.,* subd. 2. A request to change a child-support obligation from a percentage to a specific dollar amount is a modification that requires the same showing. *Allan v. Allan,* 509 N.W.2d 593, 596 (Minn.App.1993). However, since 1997 there has been a statutory presumption that

> there has been a substantial change in circumstances * * * and the terms of a current support order shall be rebuttably presumed to be unreasonable and unfair if:
>
> * * * *
>
> (4) the existing support obligation is in the form of a statement of percentage and not a specific dollar amount.

Minn.Stat. § 518.64, subd. 2(b)(4). This provision reflects the statutory preference that child-support be in the form of a specific dollar amount. Minn.Stat. § 518.551, subd. 5(a) ("In other cases, the court shall determine and order child support in a specific dollar amount * * *.").

This rebuttable presumption means that guideline child support is in the form of a specific dollar amount and any other form is a deviation from the guidelines. Such a deviation requires the district court to

> make written findings giving the amount of support calculated under the guidelines, the reasons for the deviation, and [to] specifically address the criteria in

paragraph (c) and how the deviation serves the best interest of the child. Minn.Stat. § 518.551, subd. 5(i).

Wife's motion to modify child support triggered this rebuttable presumption because the original decree established the child-support obligation as a percentage. To rebut the presumption, the party seeking to maintain a percentage obligation must demonstrate that a percentage form serves the best interest of the children. Minn.Stat. § 518.551, subd. 5(i).

In its order entered April 30, 2001, the district court concluded that wife

> failed to establish that a change in circumstances has occurred which makes the current order unreasonable and unfair. * * * The 1999 sub s distribution to [husband] is thus far a one-time disbursement, which in and of itself does not rise to the level of a substantial change in circumstances. Future distributions will be considered other compensation for calculating child support.

The order does not reflect that the district court considered the statutory presumption. Further, the record does not demonstrate that husband rebutted the presumption. In fact, both parties favored a specific dollar amount for child support, though they disagreed as to the amount. Accordingly, we remand this issue to the district court to reconsider the motion to modify child support, giving due regard to the statutory presumption favoring such modification.

### DECISION

The district court's conclusions on whether husband's SSC distributions are part of his other compensation for purposes of child support were inconsistent and thus had no basis in fact. Also, the district court did not consider the statutory presumption of Minn.Stat. § 518.64,

subd. 2(b)(4), when denying wife's motion to modify husband's child-support obligation. These decisions are reversed and remanded to the district court for reconsideration. The district court's conclusion that husband's child-support obligation did not apply to his income tax refunds is affirmed.

**Affirmed in part, reversed in part and remanded.**