David A. TEBBE, Appellant–Respondent,

v.

Conni M. TEBBE, Appellee–Petitioner.

No. 02A05–0403–CV–130.

Court of Appeals of Indiana.

Sept. 23, 2004.

Rehearing Denied Nov. 18, 2004.

Stephen P. Rothberg, Fort Wayne, IN, Attorney for Appellant.

Eric E. Snouffer, Snouffer & Snouffer, Fort Wayne, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

The marriage of David Tebbe ("David") and Conni Tebbe ("Conni") was dissolved in Allen Superior Court. David appeals, raising the following restated issues:

I. Whether the pass-through income of an S-corporation that does not increase a minority shareholder's actual income should be included in the calculation of child support obligations; and,

II. Whether the trial court's valuation of the Tebbe marital property was clearly erroneous.

Concluding the trial court's valuation was proper but pass-through income should not be included when calculating David's child support obligations, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

### Facts and Procedural History

David and Conni married on September 1, 1984. They had two children during the course of their marriage.

During February of 1999, David became employed with Tebbe–Butler, Inc. ("TBI") and received forty-nine percent of TBI's stock.[1] David's annual salary ranged between $46,000 and $52,000 during his employment with TBI.

In 2000, David transferred thirteen shares of his TBI stock to Jerry Castleman ("Castleman"). David did not receive monetary consideration for this transfer but hoped the transfer would encourage Castleman to maintain his employment with TBI.

TBI is an S-corporation.[2] As an owner of TBI, David is required to include the percentage of TBI's income commensurate to his ownership in his personal taxes.[3] The TBI pass-through income attributed to David was $15,512 in 1999, $22,634 in 2000, $7164 in 2001, and $24,582 in 2002. David did not actually receive the majority of this pass-through income. Rather, TBI only paid David—in addition to his yearly salary—an amount sufficient to offset his tax obligations incurred from claiming TBI's earnings.

On February 21, 2001, Conni petitioned for divorce. A magistrate conducted a hearing pursuant to this petition on March 31, 2003. The magistrate found David was capable of earning $24,582 per year in TBI pass-through income and used this amount to increase David's child support obligations. The magistrate then valued David's interest in TBI by dividing the amount Hack invested in TBI by the shares Hack received and reduced this amount on the basis of TBI's outstanding loans. The magistrate also valued David's 2000 GMC van at a negative $4000.

After these findings, the magistrate submitted a proposed decree of dissolution for the trial court's approval on September 30, 2003, and the trial court approved the decree. On November 10, 2003, David filed a motion to correct error, asserting the trial court erred in its valuation of marital property and by including the pass-through

---

1. One hundred shares of TBI stock were issued. David paid nothing for his forty-nine shares, and Greg Hack ("Hack") received the remaining fifty-one shares for roughly $250,000.

2. For taxation purposes, regardless of whether the income is actually disbursed, S-corporation revenue is imputed directly to its share-

holders in accordance with the shareholder's percentage of company ownership. 26 U.S.C. § 1366 (2004); see also Fennell v. Fennell, 753 A.2d 866, 867 (Pa.Super.Ct.2000).

3. The corporate income claimed on shareholder's taxes is referred to as "pass-through income." 26 U.S.C. § 1366.

income of TBI in his child support obligations. David's motion was denied, and he now appeals

## I. Child Support and Pass-through Income

 We review an award of child support for an abuse of discretion. *Gilbert v. Gilbert*, 777 N.E.2d 785, 790 (Ind.Ct.App. 2002). An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before it or if it has misinterpreted the law. *State v. Willits*, 773 N.E.2d 808, 811 (Ind.2002).

 No Indiana case has previously determined whether minority shareholder pass-through income that was never disbursed to the shareholder should be included in child support calculations. Accordingly, case law from other jurisdictions and the Indiana Child Support Guidelines ("Guidelines") inform our analysis.

Under similar circumstances, courts have held that pass-through income should not be included in the calculation of child support obligations unless the S-corporation is being used to shield income. *Fennell v. Fennell*, 753 A.2d 866, 869 (Pa.Super.2000); *see also In re Marriage of Brand*, 273 Kan. 346, 355, 44 P.3d 321 (2002); *Roberts v. Roberts*, 666 N.W.2d 477, 483–84 (S.D.2003).[4] More specifically, under Pennsylvania law, if a shareholder does not have control over the distribution of corporate income, the non-shareholder party to the dissolution proceeding bears the burden of proving the corporation is being used to shield income. *Id.* However, if the shareholder has control over the distribution, the shareholder has the burden of proving the corporation is not being used to shield assets.[5] *Id.*

Conni contends David should at least be liable for the amount TBI actually disbursed to him to compensate him for the tax liability he incurred from TBI's pass-through income. Conni cites *Roberts*, 666 N.W.2d at 479, as requiring such a distribution to be included. However, Conni's summary of *Roberts* omits its notation that such disbursements may be an allowable deduction or provide a basis for a deviation under South Dakota law. *Id.* Furthermore, other jurisdictions do not allow an S-corporation's disbursements, which are solely for the purpose of nullifying a shareholder's tax liability for pass-through income, to be included in child support calculations. *McHugh v. McHugh*, 702 So.2d 639, 642 (Fla.Ct.App.1997).

 Indiana's child support guidelines are based upon the premise that children should receive the same portion of parental income that they would have received

---

4. Our research has not been able to locate a case that allows pass-through income to be included in the calculation of child support obligations unless the S-corporation is being used to shield income.

5. Conni contends that allowing pass-through income to be excluded from child support calculations would allow shareholders to substantially reduce their support obligations by adjusting their salary and retaining money for later use. If a shareholder were to behave in such a manner, there would be irregularities in the shareholder's income. Under Pennsylvania's burden-shifting approach, a controlling shareholder would have the burden of demonstrating a benign explanation for such irregularities. We find Pennsylvania's approach regarding placement of the burden of proof to have significant merit and would urge parties to refer to it as the need arises, although this particular question is not before us.

The record establishes that TBI was not being used to shield David's income. David's salary was not only consistent in the years preceding his divorce but increased. Accordingly, David's control or lack thereof over TBI profits would not have altered the ultimate resolution of this case.

had their parents' marriage remained intact. *McGill v. McGill,* 801 N.E.2d 1249, 1250–51 (Ind.Ct.App.2004). Before David's marriage was dissolved, the pass-through income of TBI provided neither David nor his children with access to income in excess of his regular salary. Accordingly, had David's marriage remained intact, his children would not have received the benefit of TBI's pass-through income.

Disregarding undisbursed pass-through income or a disbursement that *only* compensates a shareholder for the consequences of pass-through S-corporation tax liability is consistent with the Guidelines. Had TBI not disbursed money to offset David's corporate tax liability, David's actual income would have been less than that represented by his yearly salary. Accordingly, had the marriage remained intact, the actual income that David's children would have had access to would be that represented by his yearly salary. Excluding TBI's tax-related disbursements, therefore, serves the Guidelines' goal of providing David's children with the same access to income they would have received had their parents' marriage remained intact.

■ For all of these reasons, the pass-through income of TBI should not have been included within the calculation of David's child support obligations. On the more general principles, we hold that (1) undisbursed pass-through income of a minority shareholder in an S-corporation should not be included in child support calculations unless the trial court finds that the corporation is being used to shield income and (2) pass-through S-corporation income that is merely disbursed to offset pass-through shareholder tax liability, and which does not increase the shareholder's actual income, should not be included in child support calculations.

## II. Property Valuation

In the case at bar, the trial court issued findings of fact and conclusions of law. When a trial court issues such findings, we apply the following standard of review:

> We first determine whether the record supports the findings and, second, whether the findings support the judgment. The judgment will only be reversed when clearly erroneous, i.e. when the judgment is unsupported by the findings and the conclusions entered upon the findings. Findings are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility.

*Wyzard v. Wyzard,* 771 N.E.2d 754, 756–57 (Ind.Ct.App.2002).

■ David contends the trial court erred when it valued his interest in TBI. David first notes his testimony indicating his shares in TBI had no value to him beyond his paycheck. However, the trial court in its position of finder of fact may disregard David's testimony as unreliable. A substantial sum of money was invested in TBI, and TBI's pass-through income suggests TBI is profitable. Such evidence sufficiently contradicts David's assertion that his shares of TBI have no value.

David also notes that, though Hack paid roughly $250,000 for his fifty-one shares of TBI, David paid nothing for his forty-nine shares and, therefore, Hack's price-per share is not indicative of TBI's share value. However, it is a common business practice for a co-owner to provide the capital for a business venture while another co-owner provides the knowledge and experi-

ence necessary to make the venture successful. A direct implication from such an arrangement is that the monetary worth of the co-owner's knowledge and experience is equal to the capital invested. Accordingly, the trial court's decision to value TBI on the basis of Hack's initial investment is not rendered unreasonable by the fact that David did not contribute monetarily to TBI's founding.

 Finally, David notes Castleman paid no monetary consideration for the thirteen shares of stock that were transferred to him. However, David nonetheless received a benefit from this transfer because it encouraged Castleman not to leave TBI's employment. If TBI's shares had no value, such encouragement would not be possible. For all of these reasons, the record supports the trial court's valuation of David's share in TBI.

David finally contends the trial court erred in valuing his GMC van. David asserts this court must view Conni's testimony as a whole and note her inconsistencies regarding the van's worth. However, David's contention ignores the standard by which we must review the trial court's ruling. "Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them." *Wyzard*, 771 N.E.2d at 756–57. Conni testified that David's van had a negative value of $4000. Tr. p. 53. The trial court was free to accept or reject Conni's testimony in whole or in part. Accordingly, the record supports the trial court's determination.

## Conclusion

David's pass-through income from TBI should not have been included in the calculation of his child support obligations. However, the valuation of David's interest in TBI and the GMC van is supported by the record.

Affirmed in part, reversed in part, and remanded.

DARDEN, J., and FRIEDLANDER, J., concur.