BOEHM, Justice,
dissenting.
I believe the trial court properly applied the Guidelines and therefore respectfully dissent. An important purpose of the Indiana Child Support Guidelines is to ensure that children “receive the same proportion of parental income after a dissolution that they would have received if the family had remained intact.” Ind. Child Support Guideline 1 cmt. 1; see also Tebbe v. Tebbe, 815 N.E.2d 180, 183-84 (Ind.Ct. App.2004). The guidelines were based on the Income Shares Model, which “apportions the cost of children between the parents based on their means.” Child Supp. G. 1 cmt. 1.
To calculate this apportionment of child support between the parents, the Guidelines supply a Child Support Obligation Worksheet, which is required to be completed in all proceedings establishing or modifying child support. Child Supp. G. 6 (Child Support Obligation Worksheet). Each parent’s support obligation is based on various figures, including his or her percentage of the pair’s combined total weekly gross income, and each is subject to adjustments to reflect expenses incurred by a noncustodial parent for the child’s support. Id.
Among these adjustments is the Parenting Time Credit for a noncustodial parent, which applies if a child spends fifty-two (52) or more overnights annually with the noncustodial parent. Child Supp. G. 6 cmt. 1. If that threshold is met, the credit increases in proportion to the parenting time. Id. The Parenting Time Credit is intended to address the reality that additional expenses are incurred when two households are maintained for the children. Child Supp. G. 6 cmt. 1. Both households usually provide housing, utilities, household furnishings, toys, and play and study space. Marygold S. Melli & Patricia R. Brown, The Economics of Shared Custody: Developing an Equitable Formula for Dual Residence, 31 Hous. L.Rev. 543, 554 (1994). These costs are not materially reduced for the custodial parent when the child spends time with the noncustodial parent, so the noncustodial parent’s costs to a large extent duplicate those incurred by the custodial parent. Id. These additional costs of maintaining two households are often the greatest factor in the increased expense attributable to the children when the parents share parenting time after a dissolution. Id. The Child Support Guidelines dictate that “[b]oth parents should share in these additional costs.” Child Supp. G. 6 cmt. 1.
*805 The initial allocation of support is designed to impose on the noncustodial parent a share of support expenses in proportion to his or her share of the total income of the two parents. Without the Parenting Time Credit, the noncustodial parent would first pay for his or her share of the support and then also pay for his or her own expenses related to the child. The result would be imposition of a disproportionate share of the child’s total expenses on the noncustodial parent. The Worksheet usually produces a credit smaller than the noncustodial parent’s share of the total support. In this case, however, because Grant’s income is nearly twice Hag-er’s and Hager has almost one half of the parenting time, the credit exceeds Hager’s share of support and produces a negative child support obligation.
The commentary to Guideline 6 requires that a custodial parent share in the additional duplicated costs arising from shared parenting arrangements. Child Supp. G. 6 cmt. 1. I do not agree that the Guidelines categorically prohibit payments to a noncustodial parent. Rather, I think the language of the relevant statutes and the Indiana Child Support Guidelines and Rules support the conclusion that a trial court should order support as calculated by the Guidelines, even to a noncustodial parent, unless it finds the amount unjust or inappropriate.
The Federal Family Support Act requires each state to implement guidelines for child support award amounts. 42 U.S.C. § 667(a). The Act also requires states to establish a rebuttable presumption that child support awards resulting from the application of these guidelines are correct. A finding that the application of the guidelines is unjust or inappropriate can rebut this presumption. 42 U.S.C. § 667(b)(2). Tracking this language from the federal statute, Indiana Child Support Rules 2 and 3 provide as follows:
Support Rule 2. Presumption
In any proceeding for the award of child support, there shall be a rebuttable presumption that the amount of the award which would result from the application of the Indiana Child Support Guidelines is the correct amount of child support to be awarded.
Support Rule 3. Deviation from Guideline Amount
If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion.
As both the majority and the Court of Appeals observe, the Child Support Guidelines, as written, do not describe a situation where a custodial parent pays child support to a noncustodial parent. But the Guidelines contain an important caveat in the commentary to Guideline 1: “[N]o attempt has been made to define every possible situation that could conceivably arise when determining child support and to prescribe a specific method of handling each of them.” I agree that if the Guidelines produce a “negative credit,” the Guidelines make no reference to the trial court’s ordering support to be paid by the custodial parent. I also agree that some provisions of the Child Support Guidelines suggest that the Guidelines do not assume payment of child support by the custodial parent to the noncustodial parent. I think, however, for the reasons explained above, that the Rules, the Guidelines, and the relevant sections of federal and Indiana statutes all support the conclusion that a trial court is to order support as calculated under the Guidelines — even if the Guidelines result in payment of support to a *806 noncustodial parent — unless it finds the amount “unjust” or “inappropriate.”
I think the trial court’s order is also consistent with the objectives of the Guidelines. The Guidelines recognize the importance of shared parenting time: “it is usually in a child’s best interest to have frequent, meaningful and continuing contact with each parent.” Preamble to Indiana Parenting Time Guidelines. The trial court may determine that physical custody is appropriately given to the parent with significantly greater resources and earning capacity. The Parenting Time Credit encourages shared parenting by addressing the financial burden of duplicated expenses on the noncustodial parent. Disparity of income between the custodial and noncustodial parent coupled with increased shared parenting time may produce a Parenting Time Credit that exceeds a noncustodial parent’s child support obligation. If so, it is appropriate for the trial court to order the financially advantaged custodial parent to make child support payments to the less advantaged noncustodial parent. If that is not done, either the noncustodial parent bears a disproportionate share of the cost of maintaining the child or the resources devoted to the child suffer. Neither is a desirable result. These considerations may be outweighed by others, but unless and until the Guidelines are adjusted to strike a different balance, a “negative credit” is called for under circumstances such as these. I would affirm the trial court’s order.
DICKSON, J., concurs.