HUBBARD COUNTY HEALTH AND HUMAN SERVICES, petitioner, Respondent,

Beth A. Hadrava, petitioner, Respondent,

v.

Shane L. ZACHER, Appellant.

No. A06–2228.

Court of Appeals of Minnesota.

Dec. 11, 2007.

Greg Larson, Hubbard County Attorney, Erika Randall, Assistant County Attorney, Park Rapids, MN, for respondent Hubbard County Health and Human Services.

Beth A. Hadrava, Laporte, MN, pro se respondent.

Allison Maxim, Gary A. Debele, Walling, Berg & Debele, P.A., Minneapolis, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; WILLIS, Judge; and MINGE, Judge.

## OPINION

WILLIS, Judge.

Appellant challenges the district court's order affirming an order of the child-support magistrate establishing appellant's child-support obligation, arguing that the district court erred by including in the determination of appellant's income for child-support purposes the undistributed earnings of a Subchapter S corporation that appellant reported on his individual tax returns but did not actually receive. Because we conclude that additional findings of fact are necessary, we reverse and remand.

## FACTS

Appellant Shane L. Zacher and respondent Beth A. Hadrava are the parents of three children, all of whom live with Hadrava. On November 30, 2005, respondent Hubbard County Health and Human Services began an action against Zacher to establish Zacher's child-support obligation for the three children. A child-support magistrate (CSM) heard the matter and, in July 2006, established Zacher's child-support obligation.

Zacher has been employed by Next Innovations, Ltd. since 2002 and became a shareholder in March 2005. Since January 1, 2005, Next Innovations has been organized as a Subchapter S corporation. The earnings or losses of a Subchapter S corporation pass through to its shareholders and are reported by the shareholders on their individual tax returns.

Zacher's brother and father are the other two shareholders of Next Innovations. In addition to his gross wages during the 2005 tax year, Zacher reported income of $53,098 on his individual tax returns as his allocable portion of Next Innovations' earnings. Next Innovations' accountant testified that only Zacher's father, as the majority shareholder, has the authority to force a distribution of Next Innovations' earnings, and that, between January 1, 2005, and the June 2006 hearing, Next Innovations had made no distributions to its shareholders. The accountant further testified that Zacher, therefore, did not actually receive the $53,098 in corporate earnings that he reported on his tax returns. Zacher testified, and the accountant confirmed, that it was "very likely" that Next Innovations would eventually make a distribution to reimburse its shareholders for the taxes they paid in 2005 on the corporations' earnings, although, as of the date of the hearing, such a distribution had not been made.

In its July 2006 order, the CSM found that because Zacher is a shareholder in Next Innovations, his share of Next Innovations' earnings "is a regular source of income...." The CSM explained that Zacher's 2005 tax returns were the best available and current evidence of Zacher's gross monthly income and that, "[a]lthough his income is subject to fluctuation, it does appear that the business [Zacher] is engaged in and is shareholder in is successful and is experiencing growing revenues." Accordingly, the CSM included Zacher's share of Next Innovations' undistributed earnings in his determination of Zacher's net monthly income, and based on that figure, determined that Zacher should have paid $1,400 per month in child support for the period January 1, 2005, through March 31, 2006, and that, because of the birth of the third child in March 2006, his ongoing child-support obli-

gation should be $1,575 per month, beginning April 1, 2006.

The district court affirmed the CSM's determination of child support, and Zacher appeals.

## ISSUE

Did the district court err by including the undistributed earnings of a Subchapter S corporation as income to a minority shareholder for the purpose of determining his child-support obligation?

## ANALYSIS

■■■■ A district court has broad discretion to provide for the support of the parties' children, and that decision will only be reversed if the district court abused its discretion. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). Thus, we review a district court's decision confirming a CSM's order under an abuse-of-discretion standard. *Davis v. Davis,* 631 N.W.2d 822, 825 (Minn.App.2001). A district court abuses its discretion when it establishes a child-support obligation in a manner that is against logic and the facts in the record or when it misapplies the law. *See Rutten,* 347 N.W.2d at 50 (holding that the district court abuses its discretion when it sets support in a manner that is against logic and the facts in the record); *Ver Kuilen v. Ver Kuilen,* 578 N.W.2d 790, 792 (Minn. App.1998) (explaining that "[a]n abuse of discretion occurs when the [district court] improperly applies the law to the facts").

■■■■ A presumptively appropriate child-support obligation is calculated by multiplying an obligor's "net monthly income" by the percentage applicable to that income in the statutory guidelines table. *See* Minn.Stat. § 518.551, subd. 5(b)

(2004).[1]  "Income" is defined as "any form of periodic payment to an individual. . . ." Minn.Stat. § 518.54, subd. 6 (2004).  *See also Duffney v. Duffney*, 625 N.W.2d 839, 843 (Minn.App.2001) ("Generally, if a payment is periodic it is income.").  And the designation of a particular source of funds as "income" for child-support purposes is a question of law, which we review de novo. *Sherburne County Soc. Servs. v. Riedle*, 481 N.W.2d 111, 112 (Minn.App.1992).

The CSM's order explains that the decision to include Zacher's share of Next Innovations' earnings in the determination of his income was based on Zacher's status as a shareholder.  Zacher contends that his share of Next Innovations' earnings is not "income" within the meaning of section 518.54, subdivision 6, because he did not actually receive his share of those earnings.

The question of whether undistributed earnings of a Subchapter S corporation should be included as income to a minority shareholder for the purpose of establishing his child-support obligation is a matter of first impression in Minnesota.  But the issue has been addressed in other jurisdictions.  For example, in Florida, the undistributed earnings of a Subchapter S corporation are not income to a minority shareholder if they have been retained for "corporate purposes" but are income when they have been retained to enable a shareholder to avoid a child-support obligation. *Zold v. Zold*, 911 So.2d 1222, 1231–33 (Fla.2005).  Similarly, in Indiana, undistributed earnings of a Subchapter S corporation are not income to a minority shareholder unless there is a finding that

"the corporation is being used to shield income."  *Tebbe v. Tebbe*, 815 N.E.2d 180, 184 (Ind.Ct.App.2004).  And in Kansas, undistributed earnings of a Subchapter S corporation also are not income to a minority shareholder when it has not been established that the corporate earnings had been "manipulated" or that the shareholder "acted in any way to shield income."  *In re Marriage of Brand*, 273 Kan. 346, 44 P.3d 321, 327–28 (2002).

■ We conclude that the primary question that a district court must resolve in deciding whether the undistributed earnings of a Subchapter S corporation are income to a minority shareholder who is a child-support obligor is whether the corporation retained the earnings for a business reason or retained them to enable the obligor to "shield income" or "manipulate" the amount of money he receives in order to reduce or avoid his child-support obligation. In a case involving an issue similar to that here, this court has noted concern for the possibility that a shareholder might manipulate the earnings of a Subchapter S corporation to reduce his child-support obligation. *Williams v. Williams*, 635 N.W.2d 99, 103 (Minn.App.2001).  In *Williams*, which involved a dispute over whether to include distributions of a Subchapter S corporation as "other compensation" of the shareholder for purposes of determining child support, this court recognized "the potential for the employee-shareholder [of a Subchapter S corporation] to manipulate" income of a Subchapter S corporation "to avoid or reduce child-support obligations. . . ." *Id.* at 103.

1.  The legislature amended and renumbered section 518.551, subdivision 5(b), as well as the other provisions in chapter 518 dealing with child support in 2005.  *See* 2005 Minn. Laws ch. 164, § 29, at 1924.  In 2006, the legislature provided that the 2005 amendments to the provisions relating to the calcu-lation of child support would apply only to actions or motions filed after January 1, 2007. *See* 2006 Minn. Laws ch. 280, § 44, at 1145. Because this action was filed before the effective date of the 2005 amendments, we review the decision under the 2004 statute.

■ Determining whether undistributed earnings of a Subchapter S corporation were retained for a business reason or retained to manipulate a shareholder's income is a fact question. We therefore reject Zacher's argument that Next Innovations' undistributed earnings are not income as a matter of law because he did not actually receive payment and because he is a minority shareholder who has no authority to force a distribution of the earnings. We conclude instead that the question of whether the undistributed earnings of a Subchapter S corporation are income to a minority shareholder for child-support purposes must be determined on a case-by-case basis. The degree of control that Zacher has over corporate operations is certainly relevant, but the fact that he is a minority shareholder and did not actually receive his portion of the earnings is not alone determinative.

■ The district court made no findings regarding whether the undistributed earnings of Next Innovations were retained for a business reason. Therefore, additional findings are necessary to determine whether Zacher's share of the undistributed earnings of Next Innovations should be considered to be income to him.

■ We note that some jurisdictions put the burden of establishing that there is a business reason for retaining earnings on the shareholder if he is in a position to control the retention and disbursement of earnings—for example, when he is a majority shareholder—but on the child-support obligee if the obligor shareholder has a minority interest and thereby less ability to control the retention and distribution of corporate profits. *See Brand,* 44 P.3d at 328; *Fennell v. Fennell,* 753 A.2d 866, 869 (Pa.Super.Ct.2000). Other jurisdictions put the burden on even a minority shareholder. *See Zold,* 911 So.2d at 1233 (holding that a minority shareholder of a Subchapter S corporation must prove that undistributed earnings were retained for "corporate purposes rather than impermissibly retained to avoid ... child support...."); *Walker v. Grow,* 170 Md.App. 255, 907 A.2d 255, 270 (2006) (holding that the burden is on a minority shareholder seeking to exclude the undistributed earnings to prove that the earnings are not available for child-support purposes). The Florida Supreme Court has explained that the burden is properly on even a minority shareholder "because he or she has the ability to obtain information to establish the propriety of the corporation's actions." *Zold,* 911 So.2d at 1233. We think this is the better rule. Because Zacher has the ability to obtain information relating to whether there is a business reason for Next Innovations to retain its earnings, he bears the burden of proof on that issue.

■ But resolving the question of whether the undistributed earnings of Next Innovations should be considered to be income to Zacher for child-support purposes does not necessarily end the inquiry. The ultimate determination of a child-support obligation is based on the obligor's ability to pay. *Strandberg v. Strandberg,* 664 N.W.2d 887, 889 (Minn.App.2003). And the statute allows the district court to consider "all ... resources of the parents" in deciding whether to deviate from the guidelines. Minn.Stat. § 518.551, subd. 5(c)(1) (2004). Therefore, even if the district court determines that there is a business reason for Next Innovations to retain earnings, and therefore the undistributed earnings are not income to Zacher for purposes of child support, the district court must then consider whether Zacher's interest in Next Innovations is a resource that should be taken into consideration in determining his ability to pay child support. On remand, the district court may in its discretion reopen the record.

## DECISION

We conclude that further findings of fact are necessary to determine whether the undistributed earnings of Next Innovations are income to Zacher for child-support purposes or whether his interest in Next Innovations is a resource for the purpose of child-support. We therefore reverse the district court's order setting Zacher's child-support obligation and re-mand for further proceedings consistent with this opinion.

**Reversed and remanded.**