**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**DAN J. MAY**
Kokomo, Indiana

ATTORNEY FOR APPELLEE:

**KATHERINE J. NOEL**
Noel Law
Kokomo, Indiana



FILED

Jun 08 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRICIA L. SEXTON, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1111-DR-01059 |
| | ) | |
| TRAVIS SEXTON, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |
| | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Brant J. Parry, Judge
Cause No. 34D02-1105-DR-429

**June 8, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Tricia Sexton ("Mother") appeals the trial court's order finding that her daughter, K.S., was emancipated. Mother argues that the trial court erred in finding that K.S. was outside the care or control of her parents and was self-supporting. Because it represents a significant and wide-reaching change in state law, we also address Father's arguments regarding Public Law 111-2012, which will change the presumptive age for termination of child support from twenty-one to nineteen on July 1, 2012.

With respect to Mother's claims, we conclude that K.S. indeed put herself outside the care or control of her parents and was self-supporting, and thus the trial court did not err in determining that she was emancipated. As to Father's contentions, we hold that the amended child-support statute does not apply retroactively such that obligors may be reimbursed for past support payments made for children beyond age nineteen. We affirm.

**Facts and Procedural History**

Mother and Travis Sexton ("Father") were divorced in 2007. Mother was awarded physical custody of the parties' two children—K.S., born September 9, 1991, and Ko.S., born December 10, 1993. Father was ordered to pay $201 per week in child support.

While in high school, K.S. obtained her CNA license and began working at Fairmont Nursing Home. K.S. graduated from high school in May 2010 and enrolled in classes at Ivy Tech Community College. Father's support obligation was increased to $240 per week at that time. K.S. worked at Fairmont and attended classes at Ivy Tech during the summer and into the fall. In September 2010, K.S. learned that she was

2

pregnant. Two months later, she stopped working. She also stopped attending classes at that time, although she enrolled in classes the following semester. In June 2011, K.S. gave birth to a son.

Father filed a motion to emancipate K.S. in March 2011, before K.S. gave birth to her son. The trial court held a hearing on Father's petition in August 2011. At the hearing, Father testified that before becoming pregnant, K.S. was working full-time and taking classes part-time at Ivy Tech; however, she stopped doing both shortly after learning she was pregnant. Tr. p. 13. Father said that since filing the emancipation petition, K.S. refused to see him and informed him that he would no longer have a relationship with her or his grandson. *Id.* at 21.

K.S. testified that she lived with Mother, did not pay rent, and had not worked since she quit her job at Fairmont in November 2010. K.S. said that she received governmental assistance and financial aid, which paid her tuition at Ivy Tech in full. K.S. confirmed that she was in a relationship with her son's father, who worked at FedEx and was a member of the National Guard. K.S. stated that she asked him to provide diapers for their child, "because I don't need anything else . . . ." *Id.* at 65. Mother also testified and confirmed that K.S. lived with her and did not pay rent.

One month later, the trial court entered an order finding K.S. to be emancipated under Indiana Code section 31-16-6-6(b)(3). Mother filed a motion to correct error, which the trial court denied. Mother now appeals.

**Discussion and Decision**

Mother contends that the trial court erred when it determined that K.S. was emancipated. Specifically, Mother argues that the trial court erred in finding that K.S. was outside the care or control of her parents and was self-supporting.

**I. Emancipation**

Indiana places a strong emphasis on the discretion of our trial courts in determining child-support obligations, such as in emancipation determinations. *See Carpenter v. Carpenter*, 891 N.E.2d 587, 592 (Ind. Ct. App. 2008). We will not set aside a trial court's decision to modify child support unless it is clearly erroneous. *Id.* On appeal, we do not reweigh evidence or judge witness credibility. *Id.*; *see also Butrum v. Roman*, 803 N.E.2d 1139, 1146 (Ind. Ct. App. 2004), *reh'g denied*, *trans. denied.* We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. *Carpenter*, 891 N.E.2d at 592.

Here, the trial court entered findings of fact and conclusions of law at the parties' request. As a result, we apply a two-tiered standard of review. First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* We will set aside the trial court's findings only if they are clearly erroneous—that is, "when a review of the record leaves us firmly convinced that a mistake has been made." *Id.* (quotation omitted). "Although we defer to a trial court's ability to find the facts, we do not defer to conclusions of law, and a judgment is clearly erroneous if it relies on an incorrect legal standard." *Id.* (quotation omitted).

4

What constitutes emancipation is a question of law, and whether emancipation has occurred is a question of fact. *Butrum*, 803 N.E.2d at 1143. Emancipation cannot be presumed; rather, the party seeking emancipation must establish it by competent evidence. *Id.* Indiana Code section 31-16-6-6 governs the termination of child support and emancipation of a child. The purpose of this statute "is to require that parents provide protection and support for the welfare of their children until the children reach the specified age or no longer require such care and support." *Id.* (quotation omitted).

Specifically, Indiana Code section 31-16-6-6 provides:

(a) The duty to support a child under this chapter ceases when the child becomes twenty-one (21) years of age unless any of the following conditions occurs:

(1) The child is emancipated before becoming twenty-one (21) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.
(2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.
(3) The child:
    (A) is at least eighteen (18) years of age;
    (B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and
    (C) is or is capable of supporting himself or herself through employment.
In this case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist. However, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially supporting himself or herself, the court may order that support be modified instead of terminated.

(b) For purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child:

> (1) has joined the United States armed services;
> (2) has married;  or
> (3) is not under the care or control of:
>> (A) either parent;  or
>> (B) an individual or agency approved by the court;
> the court shall find the child emancipated and terminate the child support.

Ind. Code Ann. § 31-16-6-6 (West 2008).

On appeal, Mother argues that the trial court erred when it found that K.S. was emancipated pursuant to subsection (b)(3).[1]  Subsection (a)(1) provides that the duty to support a child ceases when the child reaches age twenty-one unless the child is emancipated before that point.  I.C. § 31-16-6-6(a)(1).  For purposes of determining whether a child has become emancipated under subsection (a)(1), subsection (b) provides that if the court finds that the child (1) has joined the United States armed services; (2) has married; or (3) is not under the care or control of either parent, then "the court shall find the child emancipated and terminate the child support."  I.C. § 31-16-6-6(b).  The trial court found that K.S. was not under the care or control of either parent under subsection (b)(3).

In order to prove that a child is not under the care or control of either parent, our Supreme Court has found that the child must (1) initiate the action putting himself or herself outside the parents' control and (2) in fact be self-supporting.  *Butrum*, 803 N.E.2d at 1146 (citing *Dunson v. Dunson*, 769 N.E.2d 1120, 1124-25 (Ind. 2002)).  In this case, the trial court found that K.S. put herself outside her parents' care or control

---

[1] Mother also argues that the trial court erred in finding that K.S. was emancipated under subsection (a)(3).  However, the court did not emancipate K.S. under subsection (a)(3).  This is clear from the court's express finding that K.S. "has never stopped being enrolled in a secondary or post-secondary educational institution for longer than 3 months."  Appellant's App. p. 24.

when she had a child out of wedlock. Mother argues that this fact alone cannot be used to justify a finding that K.S. placed herself outside the care or control of her parents.

We addressed this issue in *Robles v. Robles*, 855 N.E.2d 1049 (Ind. Ct. App. 2006), *reh'g denied*. In *Robles*, the father sought to have his nineteen-year-old daughter emancipated. At the time of the hearing on the father's petition, the daughter had a one-year-old child. The trial court determined that the daughter was emancipated, and we affirmed. Specifically addressing the issue of the daughter's decision to have a child, we acknowledged that "a woman's act of becoming pregnant and giving birth to a child out of wedlock is not an exception listed in Indiana Code section 31-16-6-6(b)." *Id.* at 1055. However, we explained that this fact could be considered when determining whether a child had placed herself outside the care or control of her parents. *Id.* Thus, while a finding that a child placed herself outside the care or control of her parents cannot be based solely on the fact that she gave birth to a child, that fact, when taken in conjunction with others, may support such a finding. That is the case here.

At nineteen, K.S. is a mother. She continues to have a romantic relationship with her child's father, who provides supplies for the child as requested by K.S. In addition, K.S. applied for, and receives, some governmental assistance. She refuses a relationship with her own father and denies her father a relationship with his grandson. These decisions are those of an adult not under the care or control of either parent. The trial court did not err in finding that K.S. put herself outside her parents' care or control.

In order to be emancipated under subsection (b)(3) however, K.S. also must be self-supporting. The record before us shows that this is the case. K.S. requests baby

7

supplies as needed from her child's father and receives governmental assistance for herself and her child. K.S. has not established paternity or sought child support. When asked why she had not done so, K.S. responded, "Because I don't need it . . . ." Tr. p. 65. Further, K.S.'s tuition at Ivy Tech is fully subsidized by financial aid. K.S. also receives an excess of financial aid that she can use for additional expenses. We conclude that the trial court did not err in holding that K.S. was emancipated under Section 31-16-6-6(b)(3).[2]

## II. Public Law 111-2012

Father contends that even if we were to find that K.S. was not emancipated, this would have essentially no effect because his child-support obligation to her will be extinguished on July 1, 2012. Father argues that Public Law 111-2012—which changes the presumptive age for termination of child support from twenty-one to nineteen—operates as an automatic termination of his duty to pay support to twenty-year-old K.S. *See* Pub. L. No. 111-2012 (eff. July 1, 2012).

Although Public Law 111-2012 will modify the presumptive age for termination of child support, it will not alter a child's ability to obtain educational support—with one important exception. It will amend the time frame in which certain children may seek educational support. Specifically, it will amend Indiana Code section 31-14-11-18 to read as follows:

---

[2] We note that Mother seeks appellate attorney's fees. Our appellate rules authorize us to "assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Ind. Appellate Rule 66(E). To prevail on her claim, Mother must show that Father's contentions and arguments on appeal are "utterly devoid of all plausibility." *Bergerson v. Bergerson*, 895 N.E.2d 705, 716 (Ind. Ct. App. 2008) (citations omitted). Because Father prevailed on the issue of emancipation, we cannot say that his arguments are utterly devoid of all plausibility such that an award of appellate attorney's fees would be appropriate.

(a) The duty to support a child under this article (or IC 31–6–6.1 before its repeal), which does not include support for educational needs, ceases when the child becomes nineteen (19) years of age unless either of the following conditions occurs:

(1) The child is emancipated before the child becomes nineteen (19) years of age. If this occurs, the child support, except for educational needs, terminates at the time of emancipation. However, an order for educational needs may continue in effect until further order of the court.
(2) The child is incapacitated. If this occurs, the child support continues during the incapacity or until further order of the court.

(b) A child who is receiving child support under an order issued before July 1, 2012, may file a petition for educational needs until the child becomes twenty-one (21) years of age.

(c) A child who is receiving child support under an order issued after June 30, 2012, may file a petition for educational needs until the child becomes nineteen (19) years of age.

We need not determine whether Father's support obligation would terminate automatically on July 1, 2012: the trial court terminated Father's obligation to K.S., and we affirm that ruling. We do, however, observe that since designating support as "educational" support was often not vital before the enactment of Public Law 111-2012, we anticipate that many support orders for college-age students may not specifically refer to the support as educational, although in reality it is. Trial courts must determine on a case-by-case basis whether support is in fact educational support. Thus, obligors who believe that their support obligation will terminate under the new legislation on July 1 would be wise to seek legal advice instead of unilaterally stopping support payments. To do otherwise risks a finding of contempt and possible criminal sanctions for failing to pay support.[3]

---

[3] We further observe that the law currently allows an educational support order to remain in effect beyond a student's twenty-first birthday, *Carson v. Carson*, 875 N.E.2d 484, 486 (Ind. Ct. App. 2007),

Father also asks that we apply the amended statute retroactively such that he can recover child-support payments made for K.S. after she turned nineteen. Generally speaking, and absent compelling reasons, statutes will only be applied prospectively. *See Bourbon Mini-Mart, Inc. v. Gast Fuel and Servs., Inc.*, 783 N.E.2d 253, 260 (Ind. 2003). "An exception to the rule exists for remedial statutes, *i.e.* statutes intended to cure a defect or mischief that existed in a prior statute." *Id.* Our inquiry ultimately turns however, on legislative intent, and our goal is to "construe [the statute] to effect the evident purpose for which it was enacted[.]" *Id.* (quotations omitted).

Here, the legislature did not indicate that the amended statute would apply retroactively. *See* Pub. L. No. 111–2012 (eff. July 1, 2012). Nor is the change to the statute remedial; rather, it appears that the legislature simply intended to terminate parents' support obligations at an earlier age than permitted by the previous version of the statute. For these reasons, we decline to apply the amended statute retroactively.

Affirmed.

CRONE, J., and BRADFORD, J., concur.

---

and that Public Law 111-2012 will not affect that principle. However, it is unclear whether Public Law 111-2012 will affect existing obligations beyond the age of nineteen under dissolution agreements and judgments, which may raise concerns under Article 1, Section 24 of the Indiana Constitution.