**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 03 2012, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN B. NORRIS**
Hass Vandivier & Norris
Franklin, Indiana

ATTORNEY FOR APPELLEE:

**ROBERT J. PALMER**
May Oberfell Lorber
Mishawaka, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLY G. RAY, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 41A05-1203-DR-130 |
| | ) | |
| CONNIE A. RAY, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Cynthia S. Emkes, Judge
Cause No. 41D02-0902-DR-50

**October 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Billy G. Ray ("Father") appeals the post-dissolution court's order granting the petition filed by Connie A. Ray ("Mother") to modify child support, denying Father's petitions to modify custody, and granting Father's petition to modify parenting time. Father presents three issues for review, which we restate as:

1.  Whether the post-dissolution court erred when it included undistributed pass-through income from Father's interest in a subchapter S-corporation when modifying his child support obligation.

2.  Whether the post-dissolution court abused its discretion when it found that Father has not shown a substantial change in one or more statutory factors necessary for a modification of physical custody of the child.

3.  Whether the court abused its discretion when it only minimally modified Father's parenting time.

And Mother requests that we remand for the post-dissolution court to consider an award of appellate attorney's fees.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Father and Mother were married on May 27, 2007, and their child, J.R., was born in August of that year. Also in 2007, Father and his father, Bill Ray, Sr., opened a seasonal business called Ray's Dixie Choppers, Inc., a subchapter S corporation ("the S-corporation") located in Franklin. Father and his father each own fifty percent of the seasonal business, which sells Dixie Chopper mowers and related parts. Although Father reported a little more than $16,000 as gross income on his tax return in the first two

2

years, his salary and the retained earnings of the business increased significantly in the subsequent three years.

Mother filed for dissolution of marriage on February 6, 2009. On April 15, the court granted a decree of dissolution ("the Decree"), which incorporated the parties' waiver of final hearing and settlement agreement. In the Decree, pursuant to the settlement agreement, the court awarded the parties joint custody of J.R., with Mother having primary physical custody. The Decree also awarded Father parenting time pursuant to the Indiana Parenting Time Guidelines ("Visitation Guidelines") as well as every other Monday evening for three hours, "alternate weekend parenting time, plus Sunday overnight parenting time on his alternate weekends, and one night during the week on alternate weeks." Appellant's App. at 378. Finally, the Decree ordered Father to pay $100 per week for child support, but Mother "reserve[d] the right to examine all sources of [Father's] income inclusive of examination of business records at any time the support is modified." Id. at 380.

On February 18, 2011, Mother filed her petition to modify child support. On March 2, Father filed his verified petitions to modify custody and parenting time as well as a rule to show cause. On June 18, Father filed an additional rule to show cause. The post-dissolution court held a hearing on the petitions on October 18. At the close of the hearing, the court took the matter under advisement but ordered child support to be increased to $168 weekly effective immediately, pending the court's final determination on Mother's request to modify support. On February 21, 2012, the court entered its Order on Pending Modification and Contempt Matters ("Order"), granting Mother's

3

petition to modify child support and Father's petition to modify parenting time. The court also denied Father's motions for rule to show cause and found that Father had not proved a "substantial change in one or more of the statutory factors relevant to a custody determination for the Court to conclude that a change in custody is in the child's best interest[.]" Id. at 10. Father now appeals.

## DISCUSSION AND DECISION

### Standard of Review

In ruling on the parties' petitions, the court entered findings of fact and conclusions sua sponte. Our standard of review in such cases is well-settled:

> Therefore, we apply a two-tiered standard of review. Vega v. Allen County Dep't of Family & Children (In re J.V.), 875 N.E.2d 395, 402 (Ind. Ct. App. 2007)[, trans. denied]. We may not set aside the findings or judgment unless they are clearly erroneous. Ind. Trial R. 52(A); Perrine v. Marion County Office of Child Servs., 866 N.E.2d 269, 273 (Ind. Ct. App. 2007). In our review, we first consider whether the evidence supports the factual findings. Perrine, 866 N.E.2d at 273. Second, we consider whether the findings support the judgment. Id. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." Id.; Quillen v. Quillen, 671 N.E.2d 98, 102 (Ind. 1996). A judgment is clearly erroneous if it relies on an incorrect legal standard. Perrine, 866 N.E.2d at 273. We give due regard to the trial court's ability to assess the credibility of witnesses. T.R. 52(A). While we defer substantially to findings of fact, we do not do so to conclusions of law. Perrine, 866 N.E.2d at 274. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. Id.

Richardson v. Hansrote, 883 N.E.2d 1165, 1171 (Ind. Ct. App. 2008).

### Issue One: Child Support

The modification of child support orders is controlled by Indiana Code Section 31-16-8-1. That statute provides, in relevant part:

Provisions of an order with respect to child support . . . may be modified or revoked. . . . Modification may be made only:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was set.

Ind. Code § 31-16-8-1. "We review modifications for abuse of discretion with a 'preference for granting latitude and deference to our trial judges in family law matters.'" J.I. v. J.H. (In re K.I.), 903 N.E.2d 453, 457 (Ind. 2009) (quoting Kirk v. Kirk, 770 N.E.2d 304, 307 (Ind. 2002)). On appeal, we do not reweigh evidence or judge witness credibility. Sexton v. Sexton, 970 N.E.2d 707, 710 (Ind. Ct. App. 2012). We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. Id. And we will not set aside a trial court's decision to modify child support unless it is clearly erroneous. Id.

Here, Father contends that the post-dissolution court abused its discretion when it modified his child support obligation. Specifically, he argues that the post-dissolution court should not have included undistributed pass-through income[1] from Father's fifty-percent interest in the S-corporation as part of Father's income for purposes of

---

[1] Father refers to retained earnings and undistributed pass-through income interchangeably. The difference between the two terms is of no moment for our purposes, as both refer to income not actually distributed to the S-corporation shareholder. The issue here is merely whether Father's fifty percent share of the net of the company's "gross receipts minus ordinary and necessary expenses" should be included as part of his income in determining his child support obligation. Ind. Child Support Rule 3(A)(2).

determining his child support obligation. Mother counters that Father included pass-through income (or retained earnings) in the child support worksheets he submitted to the post-dissolution court and, therefore, Father invited the error, if any, by the post-dissolution court. We agree with Mother that Father included some of his pass-through income when stating his weekly gross income on his child support worksheets admitted into evidence at the hearing.[2] Thus, to the extent Father now argues that the post-dissolution court should have any included any pass-through income in determining his child support obligation, Father has invited that error.[3] See Reinhart v. Reinhart, 938 N.E.2d 788, 791 (Ind. Ct. App. 2010) ("Under the invited error doctrine, a party may not take advantage of an error that he commits, invites, or which is the natural conduct of his own neglect or misconduct.").

And, in any event, the inclusion of undistributed pass-through income is not per se error when determining a parent's gross income available for child support. The Indiana Child Support Guideline 3(A)(2) provides, in relevant part:

> Weekly Gross Income from self-employment, operation of a business, rent, and royalties is defined as gross receipts minus ordinary and necessary expenses. In general, these types of income and expenses from self-employment or operation of a business should be carefully reviewed to restrict the deductions to reasonable out-of-pocket expenditures necessary to produce income. These expenditures may include a reasonable yearly deduction for necessary capital expenditures. Weekly gross income from

---

[2] Father shows the calculation of his average weekly gross income from 2008 through 2010 on Respondent's Exhibit A. Father did not include pass-through income for 2008 but did include pass-through income for 2009 and 2010. We find no explanation of this inconsistency in the record or in Father's appellate brief.

[3] Despite invited error, Father relies on Tebbe v. Tebbe, 815 N.E.2d 180, 184 (Ind. Ct. App. 2004), trans. denied, to support his contention that retained earnings should not have been included in his gross income for purposes of determining his child support obligation. But the holding in Tebbe is limited to minority shareholders. Id. at 183, 184. As such, that case is inapposite.

6

> self-employment may differ from a determination of business income for tax purposes.
>
> Expense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business should be counted as income if they are significant and reduce personal living expenses. Such payments might include a company car, free housing, or reimbursed meals.

(Emphasis added). The ordinary business income of an S-corporation, which passes through to a shareholder's individual income tax return, may have several components, including actual cash distributions, income retained by the corporation and not distributed to its shareholders, principal payments on debt, and depreciation. Thus, as quoted above, the Child Support Guidelines acknowledge that "Weekly Gross Income from self-employment may differ from a determination of business income for tax purposes." Id. And there are many variables that affect the calculation of undistributed pass-through income, for example, earnings retained by the corporation as working capital or to purchase inventory and equipment. It is incumbent upon the party alleging error to demonstrate error with particularity. Nowels v. Nowels, 836 N.E.2d 481, 489 (Ind. Ct. App. 2005) (husband did not offer an alternative calculation specifying the amount of pass-through income included, if any). Again, by including retained earnings in his own child support worksheet calculations, Father has not shown error by the post-dissolution court in doing the same.

But that does not end our inquiry. Father also contends that the post-dissolution court "double-counted retained earnings when determining [Father's] weekly income, which likely distorted upward" the court's final assessment of his weekly gross income figure. Appellant's Brief at 22. In reviewing the record, we find merit to Father's

argument that there are irregularities in how the court modified Father's child support obligation.

With regard to child support, the post-dissolution court found in relevant part:

8. Based on the following facts, and the Indiana Child Support Obligation Worksheet (ICSOW) and Parenting Time Credit Worksheet (PTCW) attached hereto, the Court finds as follows and orders support increased to the sum of Three Hundred Dollars ($300.00) as of today's date:

a. Father's income for the years 2009, 2010, and 2011 averaged Three Thousand Four Hundred Forty-Two Dollars ($3,442.00) with retained earnings. Father's income is heavily contingent on several factors including, but not limited to, customer demand, the weather, and the number of large tractors ordered and sold in any given time period. Based on some unusual factors regarding customers, equipment demand, and inventory it is difficult to anticipate if Father's past earnings are consistent with future earnings. Factoring out (to some extent) some of the extreme variables that effect [sic] Father's income, it is reasonable to conclude Father's income for the purpose of calculating child support is in the sum of Two Thousand Eight Hundred Dollars ($2,800.00) weekly with a reasonable sum of retained earnings considered in said sum.

Appellant's App. at 10-11 (emphases added).

By our calculations, in order to determine that Father's average weekly gross income for 2009 through 2011, including retained earnings, was $3442, Father would have had to earn more than $354,000 in 2011. We achieved that result by averaging Father's income from 2009, 2010, and 2011. Father's 2009 weekly gross income was calculated at $1065 based on an annual income of $55,377, and his 2010 weekly gross income was calculated at $2442 based on an annual income of $126,991. Thus, in order to achieve a three-year average weekly gross income of $3442, Father's 2011 weekly

income would have had to be $6819, which would require projected annual gross income of $354,584 for 2011.

But at the hearing on October 18, 2011, Father testified that, as of September 1, 2011, the company's "gross receipts" were $1,091,439 and its "expenses" were $906,342. Id. at 199. The net of these figures is $185,097,[4] of which half, or $92,548, could be attributable to Father as pass-through income. But that represents income only through September 1, 2011. Adding that sum to the highest annual salary Father had taken, which was $40,000, Father's 2011 total income through September 1, 2011, was $132,548. Even without considering that the final three-month period of each year had consistently experienced slow business for Father's S-corporation, that sum does not come close to the total 2011 income estimated by the court and which would be necessary for the three-year average weekly gross income to be $3442.

The post-dissolution court relied on the weekly gross income figure of $3442, but the court correctly recognized and took into account that "Father's income is heavily contingent on several factors" and that "extreme variables" affect Father's income when it discounted his weekly gross income for purposes of computing his child support obligation to $2800.[5] But, as shown above, the record does not support the calculation

_____

[4] In what must be a computational error, Father incorrectly computed the "net" of those figures to be $137,558.50. Appellant's App. at 199. We find no acknowledgement of or explanation for this error in the record, the transcript, or the appellate briefs.

[5] The post-dissolution court recognized that "Father's income is heavily contingent on several factors" including "some unusual factors regarding customers, equipment demand, and inventory," and the court discounted the retained earnings when calculating Father's average weekly gross income for child support. Appellant's App. at 11. The net effect is that the court did not include all of Father's undistributed S-corporation income in its child support calculation. In light of our conclusion that the trial court based its calculation on an erroneous weekly gross income figure for 2011, whether the post-

that Father's average weekly gross income from 2009 through 2011 was $3442. Therefore, the income figure the court computed based on that $3442 is clearly erroneous. As such, we conclude that the post-dissolution court erred when it modified Father's child support obligation, and we must remand for the court to recalculate Father's child support obligation.

## Issue Two: Physical Custody

Father next contends that the post-dissolution court abused its discretion when it denied his request to modify physical custody. Modification of custody is governed by statute:

> (a) The court may not modify a child custody order unless:
> (1) the modification is in the best interests of the child; and
> (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 [IC 31-17-2-8] and, if applicable, section 8.5 [IC 31-17-2-8.5] of this chapter.
> (b) In making its determination, the court shall consider the factors listed under section 8 of this chapter.
> (c) The court shall not hear evidence on a matter occurring before the last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child as described by section 8 and, if applicable, section 8.5 of this chapter.

Ind. Code § 31-17-2-21 (alterations in original). Indiana Code Section 31-17-2-8, governing initial custody determinations, provides:

> The court shall determine custody and enter a custody order in accordance with the best interests of the child. In determining the best interests of the child, there is no presumption favoring either parent. The court shall consider all relevant factors, including the following:
>
> (1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.

---

dissolution court abused its discretion in determining the extent of that discount is not before us, but the court did not err in giving such a discount.

10

(3)  The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
(4)  The interaction and interrelationship of the child with:
    (A)  the child's parent or parents;
    (B)  the child's sibling; and
    (C)  any other person who may significantly affect the child's best interests.
(5)  The child's adjustment to the child's:
    (A)  home;
    (B)  school; and
    (C)  community.
(6)  The mental and physical health of all individuals involved.
(7)  Evidence of a pattern of domestic or family violence by either parent.
(8)  Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) [IC 31-17-2-8.5(b)] of this chapter.

(Alteration in original).  "We review custody modifications for abuse of discretion with a preference for granting latitude and deference to our trial judges in family law matters." Werner v. Werner, 946 N.E.2d 1233, 1244 (Ind. Ct. App. 2011) (quoting In re K.I., 903 N.E.2d at 457), trans. denied.

Here, Father contends that the post-dissolution court abused its discretion when it found that he had not proved a substantial change in one or more of the factors the court may consider in custody determinations pursuant to Section 31-17-2-21(a).  But Father does not point to which of the factors in Section 31-17-2-8 he has shown to have substantially changed.  Instead, Father merely recites the visitation schedule currently in place, which is slightly in excess of the applicable parenting time schedule in the Visitation Guidelines, and asks for physical custody to be shared under a weekly schedule that, on average, allows each parent fifty percent of the time with the child.  To the extent the circumstances and wishes Father describes in his brief pertain to any one of the factors in Section 31-17-2-8, Father may have shown a change in one of those factors,

11

namely his wishes. But we cannot say that the post-dissolution court abused its discretion when it determined that Father had not shown a substantial change warranting a change of physical custody.

**Issue Three: Visitation**

Finally, Father contends that the post-dissolution court abused its discretion when it modified the parenting time schedule in this case. Indiana Code Section 31-17-4-2 governs the modification of parenting time orders and provides, in relevant part: "The court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child. . . ." "We reverse a parenting time determination only when the trial court manifestly abuses its discretion." Saalfrank v. Saalfrank, 899 N.E.2d 671, 681 (Ind. Ct. App. 2008). "No abuse of discretion occurs if there is a rational basis in the record supporting the trial court's determination." Id. (internal quotation marks and citation omitted).

Here, Father petitioned the court for more parenting time with J.R. The post-dissolution court granted that petition, increasing Father's parenting time slightly at the time of the order and upon the child reaching certain milestones. Father contends that the post-dissolution court abused its discretion by making "only token changes to the existing parenting time order." We cannot agree.

The post-dissolution court found that "Father has demonstrated that the child would benefit from more parenting time with him if guaranteed by the Court Order to be predictable and consistent." Appellant's App. at 10. As a result, the court made the following modifications to the parenting time schedule:

12

> The Court now modifies the Decree herein and orders holiday, special day, extended Christmas, and spring recess per the [Visitation Guidelines], and further orders alternating weekend parenting time commencing at 6:00 p.m. on Friday through Tuesday morning when the child starts school. Further, both parties are granted fourteen (14) days of interrupted summer parenting time with the minor child . . . ."

Id. In essence, the court increased Father's parenting time by extending the alternating weekend parenting time to Tuesday morning, adding a weeknight overnight visitation once the child starts school, and adding fourteen days of extended visitation in the summer.

Although the post-dissolution court granted Father's request for additional parenting time, Father contends that the court abused its discretion by only minimally increasing his parenting time, delaying the start for some of that increase, and ordering parenting time that Father would have received under the Visitation Guidelines anyway at the child's subsequent birthday. But, again, we will not reverse a parenting time determination unless the post-dissolution court manifestly abuses its discretion. Saalfrank, 899 N.E.2d at 681. The post-dissolution court did not explain the reason behind the minimal increase in parenting time, but Mother testified that she believed the best interest of the child, given her young age, would be served by consistency and stability, including sleeping in her own bed. Considering the child's age, the fact that the court increased Father's parenting time from what had been ordered in the Decree, and Mother's testimony that the child needs stability and consistency, we cannot say that the post-dissolution court abused its discretion by refusing to increase Father's parenting time further.

13

**Conclusion**

We conclude that the post-dissolution court erred when it modified Father's weekly child support to $300. Although the evidence supports a modification of the support order, the court's determination of Father's income is clearly erroneous. The previous hearing was held after the third quarter of 2011 and, therefore, required the court to extrapolate Father's 2011 total income. We reverse the Order with respect to the amount of Father's child support obligation and remand for the court to hold a new hearing to determine his child support obligation. And on remand the post-dissolution court shall also determine whether Mother is entitled to attorney's fees for this appeal.

We further conclude that the post-dissolution court did not abuse its discretion when it denied Father's petition to modify physical custody. Nor has Father shown that the court abused its discretion when it modified his parenting time.

Affirmed in part, reversed in part, and remanded with instructions.

KIRSCH, J., and MAY, J., concur.

14