# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**CLAUDIA TRAFICANTE**
Portage, Indiana

ATTORNEY FOR APPELLEE:

**STEVEN R. PRIBYL**
Langer & Langer
Valparaiso, Indiana

FILED
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD LITTKE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1211-DR-509 |
| | ) | |
| LAURIE LITTKE, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
The Honorable Katherine R. Forbes, Magistrate
Cause No. 64D01-0001-DR-722

**August 13, 2013**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

The post-dissolution proceedings resulting in this appeal arose between the legislature's 2012 and 2013 amendments to Indiana Code § 31-16-6-6. In response to the 2012 amendment—which changed the presumptive age for termination of child support from twenty-one to nineteen—Laurie Littke ("Mother") filed a motion to terminate child support for the parties' nineteen-year-old child. Immediately thereafter, Richard Littke ("Father") filed a petition for postsecondary educational expenses for the nineteen-year-old child. Mother then filed a motion to dismiss Father's petition as untimely pursuant to the legislature's 2012 amendment to Indiana Code § 31-16-6-6, which the trial court granted.

After Father commenced this appeal of the trial court's post-dissolution order, the legislature again amended Indiana Code § 31-16-6-6. In the 2013 amendment—which had an emergency retroactive effective date of July 1, 2012—the legislature added subsections to the statute to address a parent's or child's ability and the time restrictions for filing a petition for educational needs following the changes enacted in the 2012 Amendment. Because the provisions contained in the 2013 amendment to Indiana Code § 31-16-6-6 specifically allow a parent, who had a child support order issued before July 1, 2012, to file a petition for educational needs until the child becomes twenty-one years old, we reverse the trial court's order granting Mother's motion to dismiss Father's petition for postsecondary educational expenses.

We reverse and remand.

ISSUE

Whether the trial court abused its discretion by granting Mother's motion to dismiss Father's petition for postsecondary educational expenses for their emancipated child as untimely.

FACTS[1]

Father and Mother were married and had two daughters: Amanda, born in January 1984;[2] and Alexandra ("Daughter"), born in March 1993. In September 2001, upon Mother's petition for dissolution, the trial court entered a dissolution order that incorporated the parties' settlement agreement regarding child custody and support and property distribution. The parties agreed to joint custody of both children, with Father having primary physical custody of Amanda and Mother having primary physical custody of Daughter. Neither the dissolution order nor the settlement agreement contained a provision regarding postsecondary educational expenses.

In January 2005, the parties entered into an agreed order, in which they agreed to joint legal and physical custody of Daughter. The parties also agreed that Mother would provide health insurance for Daughter. The settlement agreement did not contain a provision regarding postsecondary educational expenses.

In June 2008, Father and Mother entered an agreed modification of the custody order, in which they agreed to continue joint legal custody of Daughter and for Father to have physical custody of Daughter. They also agreed that Mother would pay $125.00 per

---

[1] Both Father and Mother filed an appellate appendix but neither one of them has included a copy of the chronological case summary ("CCS"). We direct both parties' attention to Indiana Appellate Rule 50(A)(2)(a), which provides that an appendix "shall contain" a copy of the CCS.

[2] There is no issue in this appeal regarding Amanda, who was emancipated at the time of the current proceeding.

3

week in child support and that she would continue to maintain health coverage for Daughter. The agreed order did not contain a provision regarding postsecondary educational expenses.

Four years later, on July 13, 2012, Mother filed a motion to emancipate Daughter and terminate child support for then nineteen-year-old Daughter. Mother asserted that her obligation to pay child support for Daughter terminated as a matter of law on July 1, 2012 due to the 2012 amendment to Indiana Code § 31-16-6-6, which decreased the age for termination of child support from twenty-one to nineteen years of age. In her petition, Mother also asserted that her obligation to pay uninsured healthcare expenses should be terminated as a result of Daughter's emancipation.

On August 10, 2012, Father filed a motion for college expenses and for past due uninsured medical expenses ("petition for postsecondary educational expenses"). In his petition, Father asserted that Daughter was under the age of twenty-one and was a full-time college student. Father acknowledged that there was no existing order for postsecondary educational expenses, but he requested that the trial court enter an order requiring Mother to contribute to Daughter's postsecondary educational expenses.

On August 16, 2012, Father and Mother entered an "Agreed Order on Emancipation and Insurance[,]" in which they agreed that Daughter was "emancipated pursuant to I.C. § 31-16-6-6 effective July 1, 2012, because she [was] nineteen (19) years of age and [was] not incapacitated" and that "Mother's obligations to pay periodic child support for [Daughter] shall be and hereby is permanently terminated." (Father's App.

4

14). The agreed order did not contain a provision regarding postsecondary educational expenses.

On November 7, 2012, Mother filed a motion to dismiss Father's petition for postsecondary educational expenses. In her motion, Mother alleged that "[a] parent may assert emancipation of a child as a defense to a petition seeking an order for educational needs where no order providing for educational needs was entered prior to emancipation." (Father's App. 19). Mother argued that Father's petition for postsecondary educational expenses should be dismissed as untimely because he filed it after Daughter was emancipated.

The trial court held a hearing on Mother's motion to dismiss on November 8, 2012. Thereafter, the trial court granted Mother's motion to dismiss Father's petition for postsecondary educational expenses. Father now appeals.

## DECISION

Father argues that the trial court abused its discretion by granting Mother's motion to dismiss Father's petition for postsecondary educational expenses for nineteen-year-old emancipated Daughter.

We review a trial court's decision regarding payment of post-secondary educational expenses for an abuse of discretion. *Hirsch v. Oliver*, 970 N.E.2d 651, 662 (Ind. 2012) (citing *Carr v. Carr*, 600 N.E.2d 943, 945 (Ind. 1992)). Thus, we will affirm the trial court unless the decision is against the logic and effect of the facts and circumstances before the trial court. *Id.*

At issue in this appeal is Indiana Code § 31-16-6-6, which "governs the termination of child support and emancipation of a child." *Sexton v. Sexton*, 970 N.E.2d 707, 710 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. The purpose of Indiana Code § 31-16-6-6 "'is to require that parents provide protection and support for the welfare of their children until the children reach the specified age or no longer require such care and support.'" *Hirsch v*, 970 N.E.2d at 655 (quoting *Dunson v. Dunson*, 769 N.E.2d 1120, 1124 (Ind. 2002)).

The legislature has amended Indiana Code § 31-16-6-6 during the past two legislative sessions. In 2012, the legislature amended Indiana Code § 31-16-6-6 ("2012 Amendment")—with an effective date of July 1, 2012—which "change[d] the presumptive age for termination of child support from twenty-one to nineteen[.]" *Sexton*, 970 N.E.2d at 712. In 2013, the legislature again amended Indiana Code § 31-16-6-6 ("2013 Amendment")—with an emergency retroactive effective date of July 1, 2012— and added subjections (c) through (e) that address a parent's or child's ability and the timing to file a petition for educational needs following the 2012 Amendment.

The current version of Indiana Code § 31-16-6-6 provides:

(a) The duty to support a child under this chapter, *which does not include support for educational needs*, ceases when the child becomes nineteen (19) years of age unless any of the following conditions occurs:

(1) The child is emancipated before becoming nineteen (19) years of age. In this case the child support, *except for the educational needs outlined in section 2(a)(1) of this chapter*, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

(2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.

(3) The child:

> (A) is at least eighteen (18) years of age;
>
> (B) has not attended a secondary school or postsecondary educational institution for the prior four (4) months and is not enrolled in a secondary school or postsecondary educational institution; and
>
> (C) is or is capable of supporting himself or herself through employment.

In this case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist. However, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting or is capable of only partially supporting himself or herself, the court may order that support be modified instead of terminated.

(b) For purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child:

> (1) is on active duty in the United States armed services;
>
> (2) has married; or
>
> (3) is not under the care or control of:
>
> > (A) either parent; or
> >
> > (B) an individual or agency approved by the court;

the court shall find the child emancipated and terminate the child support.

*(c) If a court has established a duty to support a child in a court order issued before July 1, 2012, the:*

> *(1) parent or guardian of the child; or*
>
> *(2) child;*

7

*may file a petition for educational needs until the child becomes twenty-one (21) years of age.*

(d) If a court has established a duty to support a child in a court order issued after June 30, 2012, the:

>    (1) parent or guardian of the child; or
>
>    (2) child;

may file a petition for educational needs until the child becomes nineteen (19) years of age.

(e) If:

>    (1) an order was issued after June 30, 2012, that denied support for educational needs to a child who was less than twenty-one (21) years of age at the time the petition for educational needs was filed; and
>
>    (2) support for educational needs was denied based on the fact that the child was older than eighteen (18) years of age;

notwithstanding any other law, a parent or guardian of the child or the child may file with the court a subsequent petition for educational needs. The court shall consider the petition on the merits in accordance with this section and may not consider the absence of subsection (c) from law at the time of the initial filing.

(Emphasis added).

This appeal first came to our Court in a state of legislative limbo. When the trial court entered its order granting Mother's motion to dismiss Father's petition for postsecondary educational expenses, only the 2012 Amendment to Indiana Code § 31-16-6-6 had been enacted. However, during the pendency of this appeal, the legislature passed SB 0006 and then enacted the 2013 Amendment to Indiana Code § 31-16-6-6.[3] In

---

[3] SB 0006 became S.E.A. No. 6, and the 2013 Amendment was enacted through P.L. 207-2013 § 45.

other words, the trial court entered its order granting Mother's motion to dismiss Father's petition for postsecondary educational expenses *before* the legislature had enacted the 2013 Amendment to Indiana Code § 31-16-6-6 that added subsections (c) through (e). However, now, subsection (c) of that statute clearly allows a parent, who had a child support order issued before July 1, 2012, to file a petition for educational needs until the child becomes twenty-one years old. The 2013 Amendment has a retroactive effective date of July, 2012. Thus, subsection (c) is applicable to this appeal.

The record before us reveals that there was a child support order issued before July 1, 2012 and that Daughter was less than twenty-one years old at the time Father filed the petition for postsecondary educational expenses. Thus, under the applicable version of Indiana Code § 31-16-6-6, Father's petition for postsecondary educational expenses was not untimely. *See* Indiana Code § 31-16-6-6(c). Given the 2013 Amendment to Indiana Code § 31-16-6-6 and the specific facts of this case, we reverse the order dismissing Father's petition for postsecondary educational expenses as untimely and remand to the trial court to make a determination on the merits of Father's petition.

Reversed and remanded.

KIRSCH, J., and VAIDIK, J., concur.